03CV136-B-M2

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 FEB 21 P 3:22

SH
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

Jacob Amar
pro-se plaintiff

Enter above the full name of the plaintiff or plaintiffs in this action.

VERSUS

Eddie Veal, Captain

Enter above the full name of the defendant or defendants in this action.

## COMPLAINT

I. PREVIOUS LAWSUITS:

a. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ( ) No ( )

b. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: ______________________

Defendants: ______________________



| INITIALS | DOCKET# |
|---|---|
| db | 1 |

Receipt# 18658 $150.00

2. Court (if federal court, name the district; if state court name the parish): ______

3. Docket number: ______

4. Name of Judge to whom case was assigned: ______

5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?): ______

6. Approximate date of filing lawsuit: ______

7. Approximate date of disposition: ______

II. PLACE OF PRESENT CONFINEMENT: ______

a. Is there a prisoner grievance procedure in this institution?

Yes (✓) No ( )

b. Did you present the facts relating to your complaint in the prisoner grievance procedure?

Yes (✓) No ( )

c. If your answer is YES:

1. What steps did you take? Plaintiff forwarded an administrative grievance to the warden's office, which was exhausted to its entirety.

2. What was the result? It was denied at all (3) three levels of the procedure.

d. If your answer is NO, explain why not? ______

III. PARTIES:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

a. Name of plaintiff: JACOB AMAR #301565 / CAMP-J. Gator 3R

Address: LOUISIANA STATE PRISON, ANGOLA La. 70712.

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

b. Defendant Eddie Veal is employed as a Captain at the Louisiana State Penitentiary.

c. Additional Defendants: ______

IV. STATEMENT OF CLAIM:

State here as briefly as possible the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. DO NOT GIVE ANY LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. If you intend to allege a number of related claims, number and set forth each claim in a seperate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

A) Plaintiff avers that the aforementioned defendant herein above has violated his rights under the constitution and laws of the United States in his official, individual and personal capacity; acting under color of state law that will be expressed herein after.

B) Plaintiff avers that this constitution-

A) deprivation of his rights by the defendant acts and omissions further conflict with polices of the department of correction.

C) Plaintiff now seek compensatory and punitive damages awards from the defendant in this law suit; pursuant to title 28 U.S.C.; granting this court proper jurisdiction to adjudicate and depose of this matter within the spirit of judicial economy.

D)

## STATEMENT OF THE CASE

On April 3, 2001, I was falsly accuse for initiating profanity toward Lieutenant Eddie Veal and Lieutenant Carmett Hall. The two officer's retain a can of chemical agent and sprayed it on my person. The two officer's fabricated that I refuse to come to the bars to be restrain and the cell-entry team was called; to extract me out of my cell.

E) After I was placed in the show-

or By the [illegible] without injury, all physical force was suppose to cease, because I was in full restraints and no threat to anyone.

F.) I was led out of the shower by Lt. Veal into the lobby area, where I was physically assaulted. An inmate on the tier witness this attack with a glass mirror extended out of his cell bars and has signed an affidavit to attest to what he witness.

G.) From this physical attack, I acquired a swollen nose by Lt. Veal, which was x-rayed on April 4, 2001, to reveal any fractures. A blow to my left ear by Lt. Veal, which resulted in permanent deafness and this is substantiated in my attach third step response form. Also, kicked in my left hand by Lt. Veal, which resulted in a fractured finger and this can be verified on the attach medical duty status report. All of the above injuries are noted in my medical records

H.) When I was placed in the show-

er by the cell-entry team, all physical force should have cease. By Lt Veal exemplifying his own use of force, created an eight amendment violation of excessive force.

I.) Plaintiff contends that the defendant at all times knew of the violations afforded to plaintiff, but fail to correct the evil wrongfully done to plaintiff through any good faith effort, but stayed in pursuit of his malicious acts and omission's to punish plaintiff unjustly for no apparent justifiable reason

J.) Plaintiff now ask this court to focus it's views on the seriousness of his problems at hand and the constitutional magnitude of such a crucial violation in question of plaintiff's right's under the constitution and laws of the united states, that the defendant has subjected plaintiff to amount to a denial of his right's under the (8th) Eight amendment, excessive force.

Wherefore, plaintiff Jacob Amar, Doc. No # 301565, pro-se plaintiff, hope and pray that he be granted the relief now sought in this lawsuit, as a matter of law in this Middle District Court.

V. RELIEF:

State briefly exactly what you want the court to do for you. MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.

($75,000.00) seventy-five thousand dollars in compensatory damages awards from the defendant, from the date of judicial demand.

($75,000.00) seventy-five thousand dollars in punitive damages awards from the defendant, from the date of judical demand.

Signed this 7th day of February, 19 2003.

Jacob Amar #301565

(Signature of Plaintiff or Plaintiffs)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On: February 7, 2003

Signature of Movant

Pro-se Plaintiff, Jacob Amar

Signature of Attorney (if any)

MEDICAL DUTY STATUS REPORT

ISSUE DATE: 5/2?/2001 MEMO TYPE DATE: 5/29/2001 J CUDA 3/?

DOC#:301565 NAME:AMAR , JACOB RACE:?

TEMPORARY DUTY STATUS:REGULAR DUTY WITH RESTRICTIONS, NO USE OF LEFT HAND ?
(TWO) WEEKS

REASON:LEFT HAND

TEMPORARY DUTY EXPIRES 06/09/2001 AND REVERTS BACK TO PERMANENT DUTY STA?
AT MIDNIGHT.

TEMPORARY DUTY PER ORDERS OF:DR. HEFLIN, MD

****** ****************************************************************************

ISSU DATE: MEMO TYPE DATE: 12/27/91

PERMANENT DUTY STATUS:REGULAR DUTY

REASON:

PER ORDERS OF:DR. PEREGO MD Perm Duty Status Code: RD

INPUT BY: [signature]

CC: INMATE SIGNATURE__________________________

SECURITY SIGNATURE__________________________

FILE

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

FORM ARP-2

**NUMBER: LSP 2001 1786**

**FIRST STEP RESPONSE FORM**

Type or use a ball-point pen. You must submit your response to the Legal Programs Department within 10 days of the date the request for remedy was accepted.

TO: #301565 JACOB AMAR
(Offender's Name and Number)

LSP CJ GIR 1/L
Offender's Living Unit

FROM: DOUG DURRETT
(First Step Respondent)

CAMP J
(Respondent's Location)

Response to Request Dated 4/4/01, Received by me on 5/11/2001:

In your letter of complaint dated 4-19-01, while housed at Camp J, you state that you were physically abused by Lieutenant Eddie Veal. Lieutenant Veal denies your allegations. Captain Russell Bordelon states that he did not see Lieutenant Veal on any other officer strike of abuse you in any way. Institutional records reflect that you received a Disciplinary Report on 4-3-01 for Property Destruction, Defiance, and Aggravated Disobedience for a disturbance that you caused. You refused orders to come to the bars to be restrained and were given a one second burst of Freeze Plus P and still refused orders therefore the Cell Entry Team was called. The Cell Entry Team removed you from your cell with the force that was only necessary. Institutional records reflect that you were seen by medical staff at the Treatment Center. Institutional records further reflect that supervisors made rounds on your unit, you could and should have brought this to their attention.

Your request for Administrative Remedy is denied.

June 8, 2001
Date of Response

[signature]
Signature of First Step Respondent
Doug Durrett, Warden/mfb

Instructions to Offender: If you are not satisfied with this response, you may go to STEP 2 by filling out the second step section of Form ARP-1 and sending the pink copies of ARP-1 and ARP-2 (in the brown envelope which accompanied the first step response) to the Unit Head. It must be received in the Unit Head's Office within 5 days of the date you received this response. The original (white copy) is for you to keep.

FORM ARP-3

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

NUMBER LSP - 01 - 1786

# SECOND STEP RESPONSE FORM

(UNIT HEAD)

TO: Jacob Amor 301565 — LSP
(Offender's Name and Number) — (Living Unit)

FROM: Burl Cain — Warden
Unit Head — Title

Response to Request Dated 7/16/01, Received in this Office on 7/20/01.

Your complaint was appropriately addressed at the first step. The issues that you have raised in your complaint are being handled in accordance with established procedures. These procedures are being enforced to assure the safety and security of this facility. No evidence is found to support your allegations.

Your request for Administrative Remedy is denied.

Prepared By: [signature]
David Bonnette, Assistant Warden/tlb

August 7, 2001
Date

[signature]
Unit Head's Signature

INSTRUCTIONS TO OFFENDER: If you are not satisfied with this response, you may go to STEP 3 by filing out the third step section of ARP-1 and sending the yellow copies of ARP-1, ARP-2, and ARP-3 to the Chief, Correctional Services, at headquarters in Baton Rouge. These forms must reach his office within 5 days of the date of this response. The white original is for you to keep.

FORM ARP-4

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

NUMBER LSP - 01 - 1786

# THIRD STEP RESPONSE FORM
(HEADQUARTERS)

You must respond to the OFFENDER within 40 days of receipt of the appeal of the STEP 2 Response.

TO: Jacob Amar, #301565 (Offender's Name and Number) LSP (Living Unit)

Response to Request Dated 8/13/01, Received in this Office on 9/12/01:

**REMANDED**

Your request for a third step review of ARP #LSP-01-1786 has been received. We have reviewed the request for Administrative Remedy, and the 1st and 2nd level responses. The ARP submitted was without the proper documentation necessary to render a decision and is being remanded for this information. The documentation needed is as follows: the inmate's initial ARP and supporting file documentation including Lt. Eddie Veal's statement, the emergency sick call encounter of 4/4/01, the RVR issued on 4/3/01, and a copy of UOR, if any.

The institution is to submit the documentation within '0 days.

10/4/01 [signature]

Date Signature

***INSTRUCTIONS TO OFFENDER: This original is for you to keep.***

9

*IF YOU ARE NOT SATISFIED WITH THIS RESPONSE, YOU MAY WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS DECISION, SEEK JUDICIAL REVIEW PURSUANT TO R.S. 15:1177.*

***OFFENDER'S ORIGINAL***

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**CASE NUMBER: LSP-2001-1786**

**THIRD STEP RESPONSE FORM**
**(HEADQUARTERS)**

TO: AMAR, JACOB 301565 — LSP
Inmate Name and Number — Living Unit

Response to Request Dated 8/13/01, Received in this Office on 9/12/01:

Your request for a third step review of ARP #LSP-2001-1786 has been received and reviewed. You complain that on 4/3/01 Lt. Eddie Veal used unnecessary force on you by initiating a blow to your nose, jaw and your left ear. You request disciplinary action against Lt. Veal. You further allege that from his actions that you now are experiencing deafness to your left ear.

Evidence shows that on 4/3/01 while Lt. Veal was making rounds that you begin to curse him causing a disturbance. Statements provided by Lt. Veal, Lt. Hall, Lt. Williams, Capt. Bordelon, M/Sgt. Kay, Lt, Slater, Capt. Nettles and Capt. Prince show that you became unruly and noncompliant throwing a liquid substance in the face of Lt. Veal and tearing your light cover down in your cell. You were removed from your cell by the Cell Entry Team. The report also revealed that use of force used was based on actions that you initiated and was neither excessive nor unnecessary. As a result of this incident a Disciplinary Report was done for violation of rules #3, 5 & 17.

Medical records show that the appropriate medical attention was provided. You were seen by medical staff on 4/4/01 at which time an assessment was made and treatment was ordered. On 4/11/01, you were taken to the Medical Center of La at New Orleans where you were evaluated and prescribed Bendaryl and continued Actifed for Allergies. You were referred to an ENT for an evaluation. An Air Conductive Audiogram was done on 5/16/01 and 8/15/01. There is no evidence to show that you lost your hearing to your left hear due to this incident. Therefore, we find no further investigation needed at this level.

Your request for administrative remedy is denied.

2/18/02 — Linda Ramsay
Date — Signature

Jacob Amar #301565
Camp-J, Gator 3-R-2

February 7, 2003

c/o Mr. Lawrence Talamo,
Clerk's Office,

Re: Filing of Section 1983.

Mr. Talamo,

Enclose you will a check for ($150.00) dollars for the full filing fee, for the en-close section 1983 law suit. Plaintiff is Not filing in Forma Pauperis, because he can afford to pay for these proceedings as they accure.

I would appreciate it to the fullest, if you would render me a reply as to you receipt of the law suit and one-hundred and fifty dollar filing fee. I remain,

Cordially Yours
Jacob Amar